UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH WILLIS,

        Petitioner,

v.           CASE NO. 09-10296
        HONORABLE NANCY G. EDMUNDS

BARRY DAVIS,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Ralph Willis has filed a *pro se* habeas corpus petition challenging his state conviction for third-degree fleeing and eluding. Petitioner contends that evidence of a prior fleeing and eluding incident was erroneously admitted at his trial. Respondent Barry Davis urges the Court through counsel to deny the petition. The Court has concluded that Petitioner's claim is not cognizable on habeas review and lacks merit. Accordingly, the habeas petition will be denied.

**I.  Background**

Petitioner was charged in Wayne County, Michigan with fleeing and eluding a police officer. The charge arose from allegations that Petitioner disregarded a red light in Detroit on March 24, 2007, and then refused to stop when police officers activated their lights and sirens and chased him. Petitioner testified at trial that he did not notice the police officers until a squad car pulled in front of him, forcing him to stop. He claimed that a videotape of the incident did not depict him or his car and that he was merely cut off by the police.

On June 20, 2007, a Wayne County Circuit Court jury found Petitioner guilty, as charged, of third-degree fleeing and eluding, Mich. Comp. Laws § 257.602a(3)(b). The trial court sentenced Petitioner as a habitual offender, third offense, to imprisonment for a minimum of thirty-four months (two years, ten months) and a maximum of ten years. The Michigan Court of Appeals denied Petitioner's application for leave to appeal "for lack of merit in the grounds presented," *People v. Willis,* No. 282935 (Mich. Ct. App. June 9, 2008), and on November 25, 2008, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Willis*, 757 N.W.2d 452 (Mich. 2008). Petitioner filed his habeas corpus petition pursuant to 28 U.S.C. § 2254 on January 27, 2009. The sole ground for relief is that evidence of a prior incident of fleeing and eluding police officers deprived Petitioner of his right to a fair trial.

## II. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claim on the merits–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's

decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409.

"Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam* opinion) (emphasis in original). Furthermore, section "2254(d) dictates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (quotation marks and citations omitted).

### III.  Discussion

Petitioner alleges that the trial court deprived him of a fair trial by permitting the prosecutor to admit evidence of a prior incident where police officers pursued Petitioner in a high-speed chase. According to Petitioner, the "other acts" evidence demonstrated that he had a propensity to commit the charged crime. Petitioner further contends that the evidence was more prejudicial than probative.

Petitioner's claim lacks merit because

> [t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad

> acts evidence . . . .  While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172, 117 S. Ct. 644, 136 L. Ed.2d 574 (1997); *Huddleston v. United States*, 485 U.S. 681, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988), it has not explicitly addressed the issue in constitutional terms.

*Bugh v. Mitchell*, 329 F.3d 496, 512-13 (6th Cir. 2003); *see also Bey v. Bagley*, 500 F.3d 514, 519-23 (6th Cir. 2007), *cert. denied*, __ U.S. __, 128 S. Ct. 1704 (2008).  As there is no Supreme Court decision barring the use of propensity evidence on constitutional grounds, the state court's finding that the evidence was admissible was not contrary to Supreme Court precedent.

Furthermore, "[t]rial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment."  *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004).  Evidence that Petitioner was involved in a similar incident a month earlier did not render his trial fundamentally unfair because Petitioner's defense was that the prosecution failed to show he was the person the police observed running a red light and fleeing from them.  The prior acts evidence was offered to establish Petitioner's identity and to show that he knew he was being chased, that he intended to flee from the police, and that he did not misjudge the situation.  The trial court, moreover, twice informed the jurors not to consider the evidence for any other purpose, nor to convict Petitioner because they thought he was a bad person or guilty of other bad conduct.  (Tr. June 20, 2007, at 92-93 and 120-21.)  "[J]uries are presumed to follow their instructions."  *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

### IV. Conclusion

The admission of "other acts" evidence was not fundamentally unfair and did not deprive

Petitioner of a fair trial. Accordingly, the state appellate court's conclusion that Petitioner's claim lacked merit did not result in an unreasonable determination of the facts or in a decision that was contrary to Supreme Court precedent. The petition for writ of habeas corpus (Dkt. #1) is **DENIED**.

Reasonable jurists would not debate the Court's resolution of Petitioner's claim, nor conclude that the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court therefore declines to issue a certificate of appealability. Petitioner nevertheless may proceed *in forma pauperis* on appeal without further authorization because he was permitted to proceed *in forma pauperis* in this Court. Fed. R. App. P. 24(a)(3).

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager